UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| STEVEN DAVIS, <br><br> Plaintiff, <br><br> v. <br><br> ASCENT MORTGAGE RESOURCE GROUP, LLC, <br><br> Defendant. | CIVIL ACTION 1:16-cv-05000 <br><br> COMPLAINT <br><br> JURY TRIAL DEMANDED |

## COMPLAINT

NOW COMES the Plaintiff, STEVEN DAVIS ("Plaintiff"), by and through his attorneys, SULAIMAN LAW GROUP, LTD., complaining of the Defendant, ASCENT MORTGAGE RESOURCE GROUP, LLC ("AMRG"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action seeking redress for AMRG's violations of the Telephone Consumer Protection Act ("TCPA") pursuant to 47 U.S.C. §227 and violations of the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA") pursuant to 815 ILCS 505/1.

### JURISDICTION AND VENUE

2. Subject matter jurisdiction is conferred upon this Court by 47 U.S.C. §227 ("TCPA"), and 28 U.S.C. §§1331 and 1337 as the action arises under the laws of the United States and supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. §1367.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 because AMRG conducts business in this District and a substantial part of the events or omissions giving rise to the claims occurred within the Northern District of Illinois.

**PARTIES**

4. Plaintiff is a consumer and natural person over 18-years-of-age, who at all times relevant, resided in the Northern District of Illinois.

5. AMRG is a limited liability company with its headquarters located at 10200 East Girad Avenue, Building D Suite 202, Denver, Colorado 80231. AMRG offers credit repair services and real estate listings to facilitate the rental of homes to own, the purchase homes, or other purchasing goals. AMRG offers its services to consumers across the country, including in Illinois.

**AMRG'S SOLICITATION CALLS TO PLAINTIFF'S CELLULAR PHONE**

6. In March 2016, Plaintiff was looking for an apartment rental and conducted an online search. In the course of his search for an apartment, Plaintiff came across rent to own apartments and contacted one of the phone numbers he located on a website.

7. Plaintiff made one phone call to the phone number he located online to speak to somebody in regards to possibly renting an apartment located in the Chicago Metropolitan Area.

8. During this call, an AMRG agent advised Plaintiff that they may fix Plaintiff's credit to assist him in renting an apartment and directed him to their website, www.rtofind.com.

9. At all times relevant, Plaintiff was the sole subscriber, owner, and operator of a cellular telephone with an assigned number ending in 2099. Plaintiff is and has always been financially responsible for his cellular phone and its services.

10. In March 2016, Plaintiff began receiving unknown calls to his cellular phone from the phone number 860-333-6411.

11. Plaintiff did not immediately answer these calls because Plaintiff did not recognize the phone number.

2

12. The calls persisted and Plaintiff finally answered a call to determine the identity of the caller later in March 2016.

13. During this call, Plaintiff noticed an approximate 3-second pause between the time he said "hello," and the time that a live agent engaged Plaintiff in a conversation.

14. After introducing them self, AMRG's agent attempted to solicit Plaintiff's business requesting him to sign onto AMRG's website for a free 7-Day trial to search for an apartment or a house in the Chicago Metropolitan Area.

15. After listening to AMRG's sales pitch, Plaintiff advised AMRG's agent that he was no longer interested in renting to own or AMRG's services. Furthermore, Plaintiff requested that AMRG cease its calls to his cellular phone.

16. Notwithstanding Plaintiff's request that the calls cease, AMRG continued to place solicitation calls to Plaintiff's cellular phone. Furthermore, AMRG flooded Plaintiff with emails, between 10 and 20 per day, soliciting his business. Plaintiff replied to some of these emails again requesting that AMRG cease its calls to his cellular phone.

17. Plaintiff has never directly provided AMRG with his cellular phone number or otherwise consented to AMRG's calls.

18. Beginning in March 2016 until the present day, AMRG has placed no less than 100 calls to Plaintiff's cellular phone, with as many as 5 calls per day.

19. Throughout this period, Plaintiff answered several calls from AMRG and reiterated he is not interested in their services and requested that AMRG cease all calls to his cellular phone.

20. The frequency of AMRG's calls to Plaintiff's cellular phone has severely disrupted Plaintiff's everyday life and general well-being.

21. AMRG's phone harassment campaign was highly upsetting and inconvenient to Plaintiff and has caused Plaintiff actual harm, including but not limited to, invasion of privacy, the aggravation that accompanies unsolicited telephone calls, emotional distress, increased usage of his cellular phone services, reduced battery life, and diminished space for data storage on his cellular phone.

22. As a result, Plaintiff was forced to expend time, energy, and costs to retain counsel as a result of AMRG's conduct.

## COUNT I – VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT

23. Plaintiff restates and realleges paragraphs 1 through 22 as though fully set forth herein.

24. The TCPA prohibits calling persons on their cell phones using an automatic telephone dialing system ("ATDS") without their consent. 47 U.S.C. §227(b)(1)(iii).

25. The TCPA defines ATDS as "equipment which has the capacity...to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers." 47 U.S.C. §227(a)(1).

26. Upon information and belief, based on the pause and lack of prompt human response during the calls Plaintiff answered on his cellular phone, AMRG used a predictive dialing system to place calls to Plaintiff's cellular phone.

27. "A predictive dialer is equipment that dials numbers and, when certain computer software is attached, also assists [caller] in predicting when an [agent] will be available to take calls. The hardware, when paired with certain software, has the capacity to store or produce numbers and dial those numbers at random, in sequential order, or from a database of numbers." *Meyer v. Portfolio Recovery Associates, LLC*, 707 F.3d 1036, 1043 (9th Cir. 2012).

28. "When evaluating the issue whether equipment is an ATDS, the statute's clear language mandates that the focus must be on whether the equipment has the *capacity* 'to store or produce telephone numbers to be called, using a random or sequential number generator.' Accordingly, a system need not actually, store, produce, or call randomly or sequentially generated telephone numbers, it need only have the capacity to do it." *Satterfield v. Simon & Schuster, Inc.,* 569 F.3d 946, 951 (9th Cir. 2009).

29. The Federal Communications Commission ("FCC") has determined that predictive dialing systems are a form of an automatic telephone dialing system. *Id.*

30. AMRG violated the TCPA by placing no less than 100 calls to Plaintiff's cellular phone between March 2016 and the present day, using an ATDS without his consent.

31. Plaintiff never consented to any of AMRG's calls to his cellular phone as he never provided AMRG with his phone number.

32. Moreover, as stated above, Plaintiff requested that AMRG cease its calls to no avail.

33. As pled above, Plaintiff was substantially harmed by AMRG's solicitation calls to his cellular phone.

34. Pursuant to 47 U.S.C. §227(b)(3)(B), AMRG is liable to Plaintiff for a minimum of $500 per call. Moreover, pursuant to 47 U.S.C. §227(b)(3)(C), AMRG's willful and knowing violations of the TCPA should trigger this Honorable Court's ability to triple the damages to which Plaintiff is otherwise entitled to under 47 U.S.C. §227(b)(3)(C).

WHEREFORE Plaintiff, STEVEN DAVIS, requests that this Honorable Court:

a. Declare AMRG's cellular phone calls to Plaintiff to be a violation of the TCPA;

b. Award Plaintiff damages of at least $500 per phone call and treble damages pursuant to 47 U.S.C. §227(b)(3)(B)&(C); and

c. Award any other relief this Honorable Court deems equitable and just.

### COUNT II – VIOLATIONS OF THE ILLINOIS CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES ACT

35. Plaintiff restates and reallages paragraphs 1 through 22 as through fully set forth herein.

36. The Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA") states:

> Unfair methods of competition and unfair or deceptive acts or practices, including but not limited to the use or employment of any deception, fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact, with intent that others rely upon the concealment, suppression or omission of such material fact . . . in the conduct of any trade or commerce are hereby declared unlawful whether any person has in fact been misled, deceived or damaged thereby. 815 ILCS 505/2.

37. Plaintiff is a "person" as defined in ICFA, 815 ILCS 505/1 (c).

38. Plaintiff is a "consumer" as defined in ICFA, 815 ILCS 505/1 (e).

39. AMRG is engaged in "commerce" in the State of Illinois with regard to Plaintiff as defined by ICFA, 815 ILCS 505/1(f). AMRG provides real estate listings and credit repair services, an activity which is within the stream of commerce and utilized in AMRG's regular course of business.

### a. Unfairness

40. It was unfair for AMRG to place solicitation calls to Plaintiff's cellular phone without his consent.

41. It was unfair for AMRG to place up to 5 calls a day to Plaintiff's cellular phone.

42. It was unfair for AMRG to send Plaintiff up to 20 emails per day.

43. It was unfair for AMRG to harass Plaintiff through endless phone calls to his cellular phone after he advised AMRG that he was not interested in its services and requested that the calls cease.

44. It was unfair for AMRG to continuously call Plaintiff and attempt to induce him into using AMRG's services through a barrage of unwanted solicitation calls to his cellular phone.

45. The phone harassment campaign AMRG has unleashed on Plaintiff is against public policy, immoral, unethical, and oppressive.

46. As pled above, Plaintiff was substantially harmed by AMRG's unfair conduct.

47. Upon information and belief, AMRG systematically places unsolicited and harassing phone calls to consumers in Illinois in order to aggressively promote its services.

48. Upon information and belief, placing unsolicited and harassing phone calls to Illinois consumers is an unfair business practice willfully employed by AMRG and is done on a large scale.

49. An award of punitive damages is appropriate because AMRG's conduct described above was outrageous, willful and wanton, showed a reckless disregard for the rights of Plaintiff and consumers, generally, and Plaintiff had no choice but to submit to the continued harassing solicitation calls.

WHEREFORE Plaintiff, STEVEN DAVIS, requests that this Honorable Court:

a. Enter judgment in his favor and against AMRG;
b. Award Plaintiff his actual damages in an amount to be determined at trial;
c. Award Plaintiff punitive damages in an amount to be determined at trial;
d. Award Plaintiff his reasonable attorney's fees and costs pursuant to 815 ILCS 505/10a(c); and
e. Award any other relief this Honorable Court deems equitable and just.

**Plaintiff demands trial by jury.**

Dated: May 5, 2016 					Respectfully Submitted,

						 /s/ Mohammed O. Badwan

						Mohammed O. Badwan, Esq.
						ARDC#6299011
						*Counsel for Plaintiff*
						Sulaiman Law Group, LTD
						900 Jorie Blvd, Ste 150
						Oak Brook, IL 60523
						Phone (630) 575-8181
						Fax (630) 575-8188